J. S42039/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JAMES FRANKLIN SELLARD, | : | No. 2026 MDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, November 15, 2016,
in the Court of Common Pleas of Lancaster County
Criminal Division at No. CP-36-CR-0004518-2013

BEFORE:  OLSON, J., MOULTON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　**FILED SEPTEMBER 19, 2017**

James Franklin Sellard appeals from the November 15, 2016 order denying his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The PCRA court summarized the relevant facts and procedural history of this case as follows:

> On April 4, 2013, Detective Bradley Ortenzi of the Ephrata Borough Police Department and a member of the Lancaster County Computer Crimes Task Force was performing a search of peer-to-peer (P2P) networks for individuals sharing child pornography.  He located a computer willing to share files on the ARES network that contained suspected child pornography.  This computer had an IP (Internet Protocol) address of 71.58.192.38 and an ARES nickname of pops1228@ARES associated with it.  Detective Ortenzi learned that this IP address was owned by Comcast Cable Communications.

Detective Ortenzi presented the partially downloaded file and the IP address to another detective assigned to the Lancaster County Computer Crimes Task Force, Detective Keith Neff. Detective Neff requested a court order containing a description of the partially downloaded file and requested (1) that Comcast Cable Communications disclose the subscriber information for the IP Address 71.58.192.38 and (2) that Comcast not disclose this request to the subscriber.

The court order was granted on April 11, 2013, based on the procedures set forth in Section 5743 of Pennsylvania's Stored Wire and Electronic Communications and Transactional Records Access Act ("Stored Wire Act"), 18 Pa.C.S.A. §§ 5741-5749.[1]  Comcast disclosed to the Commonwealth that the IP address in question belonged to [appellant] at an address of 76 Roosevelt Boulevard, Unit 101, Manheim Township, Lancaster County. Using the information from Comcast, Detective Keith R. Kreider of the Manheim Township Police Department, and a member of the Computer Crimes Task Force, obtained a search warrant for [appellant's] apartment on June 20, 2013.  When the warrant was executed on June 20, 2013, the Commonwealth seized a Dell computer system, two external hard drives, and three damaged laptops.

A forensic examination was conducted by Detective John Duby, a Lancaster County Computer Forensic expert, on [appellant's] computer and the external hard drives seized from his apartment.  The examination resulted in the identification of 14 suspected child pornography images depicting children under the age of 18 engaging in prohibited sexual acts, and 13 suspected child pornography videos depicting children under the age of 18 engaging in prohibited sexual acts.

---

[1] This Act is located in subchapter C of the Pennsylvania Wiretapping and Electronic Surveillance Control statute ("Pennsylvania Wiretap Act"), 18 Pa.C.S.A. §§ 5701-5782.

As a result of this police investigation, on September 12, 2013, [appellant] was charged with two counts of sexual abuse of children, possession of child pornography, 18 Pa.C.S.A. § 6312(d)(1). [Appellant] filed a suppression motion on April 23, 2014, and a hearing was held on July 18, 2014. Thereafter, the parties filed briefs addressing the issues of whether notice is required by the government when the government obtains a court order for a defendant's IP subscriber name and address and whether such subscriber information is "content" under 18 Pa.C.S.A. § 5743(b), or excluded under 18 Pa.C.S.A. § 5743(c)(3) as non-content "records[.]"

By Order dated July 28, 2014, [appellant's] motion to suppress was denied, as [the trial court] found that the IP subscriber name and address obtained via a court order were not "content" for purposes of 18 Pa.C.S.A. § 5743(b) and, therefore, notice to [appellant] was not required. As such information constituted non-content "records," [the trial court] held that Section 5743(c) controlled, and that the procedural protections provided for in that Section were followed in this case.

After a waiver of his right to a jury trial, [appellant] proceeded to a bench trial on August 1, 2014. At the conclusion, [appellant] was found guilty of two counts of sexual abuse of children, child pornography. Pursuant to 42 Pa.C.S.A. § 9718.2, the Commonwealth gave notice of its intent to seek a sentence of life imprisonment on the charges as [appellant] had three prior convictions for indecent assault.

Sentencing was deferred pending completion of a pre-sentence investigation report. Moreover, having been found guilty of two counts of sexual abuse of children, [appellant] was ordered to undergo an assessment by the Pennsylvania Sexual Offender Assessment Board (SOAB). A hearing was held on October 27, 2014, to determine if [appellant] qualified as a sexually violent predator (SVP) under

the Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10-9799.41. Robert M. Stein, Ph.D., testified on behalf of the SOAB and expressed his expert opinion that [appellant] met the criteria to be classified as an SVP under the Act. At the conclusion of the hearing, [the trial court] found [appellant] to be an SVP and immediately sentenced him to two concurrent sentences of life in prison pursuant to 42 Pa.C.S.A. § 9718.2.

PCRA court opinion, 11/15/16 at 1-4 (some citations and footnotes omitted).

On November 26, 2014, appellant filed a timely notice of appeal. On August 28, 2015, a panel of this court quashed appellant's appeal and appellant did not file a petition for allowance of appeal with our supreme court. *See Commonwealth v. Sellard*, 131 A.3d 106 (Pa.Super. 2015) (unpublished memorandum). On September 17, 2015, appellant filed a timely *pro se* PCRA petition[2] and Dennis C. Dougherty, Esq. ("PCRA counsel"), was appointed to represent him on September 24, 2015. On January 28, 2016, PCRA counsel filed an amended petition on appellant's behalf. On May 3, 2016, the PCRA court conducted an evidentiary hearing on the issues raised in appellant's amended PCRA petition. Appellant's trial counsel, Jeffrey A. Conrad, Esq. (hereinafter, "trial counsel"), and direct

---

[2] The record reflects that appellant's *pro se* PCRA petition was docketed on September 22, 2015. Under the prisoner mailbox rule, however, appellant's petition is deemed filed on the date of mailing, September 17, 2015. *See Commonwealth v. Crawford*, 17 A.3d 1279, 1281 (Pa.Super. 2011) (stating, "[u]nder the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing[]"(citation omitted)).

appeal counsel, James J. Karl, Esq. (hereinafter, "appellate counsel"), testified at this hearing. On November 15, 2016, the PCRA court entered an order denying appellant's amended PCRA petition. This timely appeal followed.[3]

Appellant raises the following issues for our review:

1. DID THE PCRA COURT ERR WHEN IT DENIED [APPELLANT'S] PETITION FOR POST CONVICTION RELIEF WHEN IT FOUND THAT TRIAL COUNSEL PROVIDED EFFECTIVE ASSISTANCE WHEN COUNSEL FAILED TO RAISE AND PRESERVE THE ISSUE OF OVERBREADTH OF THE COURT ORDER LANGUAGE AT [APPELLANT'S] SUPPRESSION HEARING AND IN HIS BRIEF TO THE TRIAL COURT?

II. DID THE PCRA COURT ERR WHEN IT FOUND THAT [APPELLANT] FAILED TO PROVE THAT AN ALTERNATIVE NOT CHOSEN, "THE OVERBREADTH ISSUE," OFFERED A POTENTIAL FOR SUCCESS SUBSTANTIALLY GREATER THAN THE COURSE PURSUED, THE "CONTENT" ISSUE?

III. DID THE PCRA COURT ERR WHEN IT FOUND THAT APPELLATE COUNSEL WAS EFFECTIVE WHEN COUNSEL FAILED TO RAISE THE INEFFECTIVENESS OF TRIAL COUNSEL WHO FAILED TO RAISE AND PRESERVE THE "OVERBREADTH" ISSUE?

---

[3] On December 12, 2016, the PCRA court entered an order directing appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on December 29, 2016, and the PCRA court filed a one-page Rule 1925(a) opinion on January 3, 2017 wherein it indicates that it is relying on its prior November 15, 2016 opinion dismissing appellant's PCRA petition.

Appellant's brief at 4-5.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." **Commonwealth v. Patterson**, 143 A.3d 394, 397 (Pa.Super. 2016) (citation omitted). In order to be eligible for PCRA relief, a defendant must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). Further, these issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3).

Appellant first contends that trial counsel was ineffective in failing to argue at the July 18, 2014 suppression hearing that the language set forth in the trial court's April 11, 2013 order and application for court order was overbroad. (Appellant's brief at 15.) Appellant maintains that trial counsel's argument "that [appellant's] address, name and other subscriber information was 'content' under [Section 5743(b)] . . . had almost no hope of succeeding[,]" and that the PCRA court erred in concluding that the "overbreadth" issue was devoid of merit. (**Id.** at 18-19.) For the following reasons, we disagree.

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Specifically, a petitioner must establish the following three factors: "first[,] the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that Appellant was prejudiced." *Commonwealth v. Charleston*, 94 A.3d 1012, 1020 (Pa.Super. 2014), *appeal denied*, 104 A.3d 523 (Pa. 2014) (citation omitted). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Commonwealth v. Johnson*, 966 A.2d 523, 533 (Pa. 2009) (citations and internal quotation marks omitted).

"[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011), *appeal denied*, 30 A.3d 487 (Pa. 2011) (citation omitted). Additionally, we note that counsel cannot be found ineffective for failing to raise a claim that is devoid of merit. *See*, *e.g.*, *Commonwealth v. Ligons*, 971 A.2d 1125, 1146 (Pa. 2009).

Instantly, our review of the record reveals that trial counsel testified at great length at the May 13, 2016 hearing with regard to the decision to limit

his argument at the suppression hearing to whether appellant's IP subscriber name and address were "content" under Section 5743(b), or excluded under Section 5743(c)(3) as non-content "records."[4]

---

[4] Section 5743(b) provides as follows:

> **(b) Contents of communications in a remote computing service.--**
>
> > (1) Investigative or law enforcement officers may require a provider of remote computing service to disclose the contents of any communication to which this paragraph is made applicable by paragraph (2):
> >
> > > (i) without required notice to the subscriber or customer if the investigative or law enforcement officer obtains a warrant issued under the Pennsylvania Rules of Criminal Procedure; or
> > >
> > > (ii) with prior notice from the investigative or law enforcement officer to the subscriber or customer if the investigative or law enforcement officer:
> > >
> > > > (A) uses an administrative subpoena authorized by a statute or a grand jury subpoena; or
> > > >
> > > > (B) obtains a court order for the disclosure under subsection (d);
> >
> > except that delayed notice may be given pursuant to section 5745 (relating to delayed notice).

Specifically, trial counsel testified as follows:

> Q.    Okay.  So that was essentially the argument that was presented or focused down to at the suppression hearing?
>
> A.    Correct, yes.
>
> Q.    Did you have a strategic reason for limiting your argument to that?

------

> (2) Paragraph (1) is applicable with respect to a communication which is held or maintained on that service:
>
>> (i) On behalf of and received by means of electronic transmission from, or created by means of computer processing of communications received by means of electronic transmission from, a subscriber or customer of the remote computing service.
>>
>> (ii) Solely for the purpose of providing storage or computer processing services to the subscriber or customer, if the provider is not authorized to access the contents of any such communication for the purpose of providing any services other than storage or computer processing.

18 Pa.C.S.A. § 5743(b).

Section 5743(c)(3), in turn, provides that "[a]n investigative or law enforcement officer receiving records or information under paragraph (2) is not required to provide notice to the customer or subscriber."  18 Pa.C.S.A. § 5743(c)(3).

> A. The warrant itself, I -- both as a prosecutor and as a defense attorney, I had worked with Sergeant Kreider. When I was in the DA's Office, we called him Catfish because we did a lot of undercover work together. So I knew Sergeant Kreider very well. The quality of his work, it's a very high quality.
>
> Detective Ortenzi also has a very good reputation. Again, his work is high quality.
>
> So I was trying to find an argument that I thought I might have a chance with in this case. And so I went very specific at that -- at those provisions in the Wiretap Act because I thought, given the nature of this case, the [trial c]ourt wasn't going to go for just anything.
>
> I was going to have to find something that had teeth. And so I thought that particular argument had the best chance in this particular case of getting the [trial c]ourt to listen and to go with.
>
> So I made it very specific as to the provisions that they had failed to do in the order.

Notes of testimony, 5/13/16 at 13-15.

Trial counsel further testified that he did not believe the "overbreadth" argument by itself presented appellant with his best chance of success at the suppression hearing and it was in appellant's best interest to focus his argument:

> Q. Okay. Is there any specific reason you didn't argue that the Court Order was too vague at the suppression hearing?
>
> A. Well, I think what we then argued in the memorandum of law flows out of it. So I can't

> say there was any reason why just in -- I can only say that I have known Judge Ashworth for 16 years, and I knew how to focus my argument.
>
> So at the suppression hearing, that's where I thought I had the best chance of getting the [trial c]ourt to go.
>
> So I argued and we narrowed it down to the content, which is what the argument essentially was. The vagueness flowed out of it. I did argue that in the memorandum because it flows out of that argument, but I don't think we brought it up during the hearing.

*Id.* at 15.

On cross-examination, trial counsel reiterated that he has worked on at least 50 sex crime and child pornography cases in his capacity as both a former assistant district attorney and defense attorney, and that in his opinion, "we advanced the strongest arguments that [appellant] had in the suppression motion, at the motion [hearing], and then following up with the memorandum of law." (*Id.* at 17, 20-21.)

"[G]enerally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests." *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012). "If counsel's chosen course had some reasonable basis, the inquiry ends and counsel's assistance is deemed effective." *Commonwealth v. Williams*, 899 A.2d 1060, 1064 (Pa. 2006). Based on the foregoing, we

- 11 -

find that trial counsel had a reasonable strategic basis for electing to focus his argument on the "content" issue rather than arguing that the language in the trial court's April 11, 2013 order was overbroad. Accordingly, appellant has failed to satisfy the second prong of the ineffectiveness test and his claim must fail. *See Charleston*, 94 A.3d at 1020.

Moreover, our review indicates that even if trial counsel had elected to pursue the "overbreadth" argument, appellant has failed to prove, by a preponderance of the evidence, that but for trial counsel's ineffectiveness, "the result of the proceeding would have been different." *See Johnson*, 966 A.2d at 533. The PCRA court authored a comprehensive, 18-page opinion wherein it found that appellant's assertion that the "overbreadth" argument constituted "a legitimate and viable issue was not supported by the case law or the facts in this case." (PCRA court opinion, 11/15/16 at 11 (internal quotation marks omitted).) The PCRA court further concluded that the April 11, 2013 court order in question comported with the requirements set forth in Section 5743(d) of the Pennsylvania Stored Wire Act and was neither vague nor overbroad. (*Id.* at 11.) Contrary to appellant's claim, we discern no error on the part of the PCRA court in reaching these conclusions and adopt that portion of its opinion addressing this issue. (*See id.* at 11-15; *see also* appellant's brief at 17-21.)

In his final claim, appellant contends that appellate counsel was ineffective in failing to argue on direct appeal that trial counsel was

ineffective for not preserving the "overbreadth" issue. (Appellant's brief at 22-25.)

Upon review, we find that appellant's claim of appellate counsel's ineffectiveness warrants no relief. It is well established that ineffectiveness claims cannot be raised on direct appeal and must be deferred until collateral review. *See Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013) (reaffirming the general rule first set forth in *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), that "claims of ineffective assistance of counsel are to be deferred to PCRA review[.]").[5] Notably, appellate counsel acknowledged as much at the May 13, 2016 PCRA hearing, stating as follows:

> Q.  Okay. And you also asserted or you also testified that you did not assert that [trial counsel] was ineffective for failing to preserve issues because, based on your review of the record, you, in fact, believe that he had raised those issues?
>
> A.  Correct. And well, you really can't assert ineffectiveness claims on direct appeal in Pennsylvania.

---

[5] We note that our supreme court recognized two exceptions to this general rule in **Holmes**, but neither is applicable in this case. Specifically, the **Holmes** court limited those exceptions to the following: (1) where the trial court determines that a claim of ineffectiveness is "both meritorious and apparent from the record so that immediate consideration and relief is warranted[;]" or (2) where the trial court finds "good cause" for unitary review, and the defendant makes a "knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA." **Holmes**, 79 A.3d at 577 (footnote omitted).

Notes of testimony, 5/13/16 at 28.

Furthermore, as discussed, appellant has failed to demonstrate that the underlying claim of trial counsel's purported ineffectiveness was *of arguable merit*. Thus, appellate counsel cannot be found ineffective in failing to pursue this claim on direct appeal. *See*, *e.g.*, *Commonwealth v. Burkett*, 5 A.3d 1260, 1270 (Pa.Super. 2010) (a determination that trial counsel rendered ineffective assistance is a prerequisite to finding that any subsequent counsel was himself ineffective); *see also Commonwealth v. Hall*, 867 A.2d 619, 632 (Pa.Super. 2005) (holding that counsel cannot be found ineffective for failing to raise a claim that is devoid of merit), *appeal denied*, 895 A.2d 549 (Pa. 2006). Accordingly, for all the foregoing reasons, we conclude that appellant's claim that appellate counsel was ineffective must also fail.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2017

- 14 -